JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01455-FWS-KES                                      Date: January 26, 2024
Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [23]**

Before the court is Plaintiff Balboa Capital Corporation's ("Plaintiff") Application for Default Judgment against Defendants Dermatology Velocity Trucking, LLC ("Velocity Trucking"), and Laura A. Rocha (collectively, "Defendants"). (Dkt. 23 ("Motion" or "Mot.").) Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

**I.      Legal Standard**

   A.      Procedural Requirements for a Default Judgment

A party seeking a default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules. *See, e.g.*, *Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc.*, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Under Federal Rule of Civil Procedure 55(b), a party may only seek a default judgment from the court following an entry of default by the Clerk of Court. Fed. R. Civ. P. 55(b). Additionally, the "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The party also must comply with Local Rule 55-1 by submitting a declaration alongside the application for default judgment that includes the following information:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

(1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (5) that notice has been served on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).

L.R. 55-1.

    B.    <u>Substantive Requirements for a Default Judgment</u>

Where a party seeking default judgment meets the procedural requirements discussed above, the court then considers the factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), to determine whether to grant the requested default judgment, including:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (internal quotation marks and citations omitted)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01455-FWS-KES                                            Date: January 26, 2024
Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.*

**II.      Discussion**

      A.      Procedural Requirements

Plaintiff has met the procedural requirements for default judgment under Federal Rule of Civil Procedure 55 and Local Rule 55-1. The clerk entered default as to both Defendants on October 6, 2023. (Dkt. 21.) Defendant Velocity Trucking is a Texas limited liability company, and Defendant Rocha is an individual but not a minor, incompetent person, or person protected by the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521. (Dkt. 23-2 ("Chang Decl.") ¶ 2 & Exh. C.) Accordingly, the court finds the materials submitted to the court satisfy the procedural requirements for entry of default judgment. The court accordingly proceeds to evaluate the *Eitel* factors. *See Eitel*, 782 F.2d at 1471-72.

      B.      Substantive Requirements (*Eitel* Factors)

          1.   *Possibility of Prejudice to Plaintiffs*

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Although each was served,[1] neither Defendant has appeared in this action. (*See generally* Dkt.) Accordingly, the court finds Plaintiffs will be prejudiced if default judgment is not entered because Plaintiffs will "likely be without other recourse for recovery." *See PepsiCo*, 238 F. Supp. 2d at 1177. Therefore, the first *Eitel* factor weighs in favor of granting default judgment.

---

[1] Proofs of service filed with the court indicate Defendants were served on August 15, 2023. (Dkts. 18-19.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

        2. *The Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint*

  The second and third *Eitel* factors address the substantive merits of Plaintiffs' claims and the sufficiency of the Complaint. *Eitel*, 782 F.2d at 1471; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (explaining "the issue [as to the second and third factors] is whether the allegations in the complaint are sufficient to state a claim"); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").

  Plaintiff asserts a breach of contract claim against Defendant Velocity Trucking based on a written equipment finance agreement dated October 24, 2022 ("Equipment Financing Agreement") and a breach of personal guaranty claim against Defendant Rocha based on a concurrently executed personal guaranty of the Equipment Financing Agreement ("Guaranty"). (Dkt. 1 ("Complaint" or "Compl.") ¶¶ 10-25 & Exhs. 1-2.)

  To sustain a claim for breach of contract under California law, a plaintiff must establish (1) "the existence of the contract"; (2) the "plaintiff's performance or excuse for nonperformance"; (3) the "defendant's breach"; and (4) "the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted). An enforceable contract under California law consists of (1) parties are capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. *See* Cal. Civ. Code § 1550. "California courts apply the same legal standard to breach of guaranty claims." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1035 (C.D. Cal. 2015) (citations omitted).

  The Complaint adequately alleges the Equipment Financing Agreement between Plaintiff and Defendant Velocity Trucking and the Guaranty between Plaintiff and Defendant Rocha are enforceable contracts under California law. Plaintiff pleads the existence of both the Equipment Financing Agreement and Guaranty and has attached executed copies of each to the Complaint. (Compl. ¶¶ 13, 21 & Exhs. 1-2.) Accordingly, the existence of the Equipment Financing

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01455-FWS-KES	Date: January 26, 2024
Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.*

---

Agreement and Guaranty are sufficiently pleaded. *See Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, 2022 WL 3574413, at *2 (C.D. Cal. June 7, 2022) ("Usually, a written contract can be pleaded by alleging its making and attaching a copy which is incorporated by reference."); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The Complaint adequately alleges Defendant Velocity Trucking breached the Equipment Financing Agreement. Per the Complaint, Plaintiff loaned $112,900.00 to Defendant Velocity Trucking on October 24, 2022, pursuant to the Equipment Financing Agreement, in exchange for Defendant Velocity Trucking's promise to pay sixty monthly installments of $2,672.05 to Plaintiff. (Compl. ¶ 13.) However, Defendant Velocity Trucking defaulted on the May 22, 2023, payment, (Compl. ¶ 14; Dkt. 21-1 ("Ngo Decl.") ¶ 5), resulting in an unpaid balance of $146,962.75[2] under that payment schedule, (Ngo Decl. ¶ 5). Plaintiff alleges it has received no further payments. (Compl. ¶ 14; Ngo Decl. ¶ 6.)

The Complaint also sufficiently alleges Defendant Rocha breached the Guaranty. According to the Complaint, Defendant Rocha entered into the Guaranty with Plaintiff at the same time as the Equipment Financing Agreement, pursuant to which Defendant Rocha guaranteed the payment of existing and future debts owed by Defendant Velocity Trucking to Plaintiff under the Equipment Financing Agreement. (Compl. ¶ 21.) Defendant Velocity Trucking's default on the Equipment Financing Agreement in May 2023 triggered Defendant Rocha's obligation to pay Plaintiff the amount owed per the Guaranty, however, Defendant Rocha did not pay the outstanding debt to Plaintiff when due. (Compl. ¶¶ 23-24.) As noted, Plaintiff alleges it has received no further payments. (Compl. ¶ 23; Ngo Decl. ¶ 6.)

Accordingly, the court finds Plaintiff alleges claims for breach of contract and breach of guaranty against Defendant Velocity Trucking and Defendant Rocha, respectively. Consequently, the second and third *Eitel* factors favor entry of default judgment.

---

[2] Plaintiff calculates this amount as $148,886.63. (*Id.* ¶ 5.) The court reduces this amount by the $1,923.88 in late fees Plaintiff seeks because Plaintiff's entitlement to that amount is inadequately demonstrated, (*see generally* Mot.).

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01455-FWS-KES  Date: January 26, 2024
Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.*

___

3. *Sum of Money at Stake*

The fourth *Eitel* factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This factor compares the "recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." *United States v. Bronster Kitchen, Inc.*, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015).

In sum, Plaintiff seeks $164,854.83 in damages. (Mot. at 12-13.) "When the sum of money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (quoting *Bd. Trs. v. Core Concrete Constr., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012)). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* Although, as discussed *infra*, the court implements minor reductions to this amount based on the evidence presented to the court, Plaintiff has adequately established the amount of damages it seeks flows from Defendants' payment obligations under the Equipment Financing Agreement and Guaranty. Accordingly, this factor favors entry of default judgment.

4. *Possibility of a Dispute Concerning Material Facts*

"The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case." *PepsiCo*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (quoting *TeleVideo*, 826 F.2d at 917-18).

Because Defendants have not appeared or defend in this action, the court must accept the well-pleaded factual allegations in the Complaint as true. *See TeleVideo*, 826 F.2d at 917-18; *Geddes*, 559 F.2d at 560. Thus, there is little possibility of dispute as to the material facts. Accordingly, the court concludes the fifth *Eitel* factor weighs in favor of granting default judgment.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

### 5. *Whether Default Was Due to Excusable Neglect*

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177. Where a defendant is "properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," the default "cannot be attributed to excusable neglect." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

As noted, the proofs of service filed with the court indicate Defendants were served with the summons and Complaint in this action on August 15, 2023, in El Paso, Texas. (Dkts. 18-19.) Because the record indicates that Plaintiff properly served Defendants, the court concludes the possibility of excusable neglect is minimal. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010) (finding "the possibility of excusable neglect [was] remote" where the defendant was properly served). Thus, the court concludes that the sixth *Eitel* factor weighs in favor of entering default judgment. *Id.*

### 6. *Policy Favoring Decision on the Merits*

"The final Eitel factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted). While "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472 (citation omitted), "this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (quoting *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. 1996)). Accordingly, "when a defendant fails to appear and respond, default judgment is appropriate." *Allstate Life Ins. Co. v. Markowitz*, 590 F. Supp. 3d 1210, 1217 (C.D. Cal. 2022) (citation omitted).

Defendants have not appeared or responded to the Complaint in this action. (*See generally* Dkt.) Under these circumstances, "a decision on the merits is impossible and default judgment is appropriate." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (citation omitted). Accordingly, this factor does not weigh against default judgment.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

7.   *Conclusion on the Eitel Factors*

In sum, the court finds the balance of the *Eitel* factors favors entry of default judgment as to Plaintiff's breach of contract and breach of guaranty claims.

C.   <u>Plaintiffs' Requested Relief</u>

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo*, 826 F.2d at 917-18.  The plaintiff bears "the burden of proving damages through testimony or written affidavit." *Bd. Trs. Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).  An evidentiary hearing is unnecessary where "the amount claimed is a liquidated sum or capable of mathematical calculation." *See Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)); *see also ACF 2006 Corp v. L. Offs. of Michael J. Libman APC*, 2020 WL 7038384, at *5 (C.D. Cal. Oct. 7, 2020) ("Several courts have concluded that where the plaintiff's declarations and exhibits regarding damages are reasonably detailed, and defendants have declined to appear in the case, the court has discretion to make an informed determination regarding damages without an evidentiary hearing.") (cleaned up).

The damages Plaintiff seeks breaks down to $146,962.75 in principal owed, $1,923.88 in late fees, $6,577.73 in attorneys' fees, $8,402.74 in prejudgment interest, and $987.73 in costs. (Ngo Decl. ¶¶ 5-6; Dkt. 23-2 ("Chang Decl.") ¶¶ 3-4.)  The court assesses each in turn.

1.   <u>Damages and Prejudgment Interest</u>

"For the breach of an obligation arising from contract, the measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

Civ. Code § 3300.  Damages must be "clearly ascertainable in both their nature and origin." *See id.* § 3301.

As stated, the court finds Plaintiff has adequately established it entered into valid contracts with Defendants, and Defendants then breached their obligations by failing to pay the amount owed on the maturity date.  Plaintiff seeks $148,886.63 in damages based on amounts owed to Plaintiff under the Equipment Financing Agreement as guaranteed by the Guaranty.  (Mot. at 12-13.)

Plaintiff seeks to recover the principal amount of damages based on the Equipment Financing Agreement's clause permitting Plaintiff to repossess collateral and "all unpaid Monthly Payments and other payments, including late charges and interest, due under this Agreement then accrued, all accelerated future payments due through the last day of the term of this Agreement . . . ." (Compl., Exh. 1 § 19.)  As to the $146,962.75 calculated based on the outstanding fifty-five payments due to Plaintiff under Equipment Financing Agreement's payment schedule, the court "cannot identify any reason the clause should not be enforced as a measure of liquidated damages against Defendants." *See Balboa Cap. Corp. v. Ali*, 2023 WL 8870575, at *2 (C.D. Cal. May 18, 2023) (citing *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal. 4th 970, (1998)).  The court is also satisfied Plaintiff has demonstrated it is owed $146,962.75 as a result of Defendants' breach, *see* Cal. Civ. Code §§ 3300, 3301, and accordingly finds damages in the amount of $146,962.75 properly supported.  However, Plaintiff inadequately explains how and on what basis the $1,923.88 in late fees is sought.  (*See generally* Mot.; Compl.)  Accordingly, the court awards $146,962.75 in principal damages.

Plaintiff also seeks prejudgment interest in the amount of $8,402.74 based on a 10% per annum rate, beginning on May 22, 2023.  (Mot. at 12-13.)  California law provides that prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are certain, but from no earlier than the date of the complaint if the damages are uncertain.  Cal. Civ. Code § 3287.  "Typically, damages are deemed certain or capable of being made certain when 'there is essentially no dispute between the parties concerning the basis of computation of damages' and the underlying dispute centers solely on the question of liability."

___

| | |
|---|---:|
| **CIVIL MINUTES – GENERAL** | 9 |

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

*W. Air Charter, Inc. v. Schembari*, 2019 WL 6998789, at *2 (C.D. Cal. Mar. 7, 2019) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154 (1991)).

Because there is no material dispute Plaintiff performed under the Agreement while Defendants did not with respect to the remaining fifty monthly payments owed to Plaintiff, the court finds liability for each monthly payment was clearly ascertainable as of the date each was due. California law expressly provides that Plaintiff's requested rate of 10% per annum is properly awarded where prejudgment interest is available based on a breach of contract action unless another rate is specified in the contract. Cal. Civ. Code § 3298(b). Thus, the court will apply a 10% per annum rate to Plaintiffs' breach of contract damages, from the date of Defendants' breaches, May 22, 2023, to the date Plaintiff noticed the Motion for hearing, December 14, 2023. Therefore, the court awards $8,294.33 in prejudgment interest.[3] Accordingly, the court finds $155,257.08 in damages and prejudgment interest appropriate.

    2.    <u>Costs and Fees</u>

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (citations omitted). "California permits parties to allocate attorney's fees by contract." *Berkla v. Corel Corp.*, 302 F.3d 909, 919 (9th Cir. 2002) (citing Cal. Civ. Proc. Code § 1021). California Civil Code § 1717 "governs attorney fees awards authorized by contract and incurred in litigating claims sounding in contract." *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal. App. 4th 230, 237 (2012). Under § 1717, "where the contract specifically provides" for an award of attorney's fees "incurred to enforce that contract," the "prevailing party . . . shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ. Code § 1717.

_____

[3] The court calculates this amount as follows: ($146,962.75 [principal] x .10 [10% interest per annum rate]) x (206 [days between May 14, 2023, and December 14, 2023] / 365 [days per year]).

_____

**CIVIL MINUTES – GENERAL**

10

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01455-FWS-KES                                     Date: January 26, 2024
Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.*

"The amount of an attorney fee to be awarded is a matter within the sound discretion of the trial court." *In re Tobacco Cases I*, 216 Cal. App. 4th 570, 587 (2013) (citation and internal quotation marks omitted). The "fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Ctr. for Biological Diversity v. Cnty. of San Bernardino*, 188 Cal. App. 4th 603, 616 (2010) (citation and internal quotation marks omitted). "The lodestar calculation begins with a determination of the reasonable hourly rate, i.e., the rate prevailing in the community for similar work." *Marshall v. Webster*, 54 Cal. App. 5th 275, 285 (2020) (citation and internal quotation marks omitted). Generally, "[t]he relevant community is that where the court is located." *Id.* (citation and internal quotation marks omitted). In determining whether an hourly rate is reasonable, "the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees, the difficulty or complexity of the litigation to which that skill was applied, and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases." *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 437 (2016) (citations omitted). The court "may also consider whether the amount requested is based upon unnecessary or duplicative work." *Frym v. 601 Main St. LLC*, 82 Cal. App. 5th 613, 621 (2022) (citation and internal quotation marks omitted). The lodestar "may be adjusted" based on factors including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

Plaintiff seeks attorneys' $9,707.49 in attorney's fees based on provisions of the Equipment Financing Agreement and Guaranty assertedly providing for attorneys' fees. The "Litigation Expenses" section of the Equipment Financing Agreement provides that "Debtor shall pay Creditor its costs and expenses not offset . . . including repossession and attorneys' fees and court costs, incurred by Creditor in enforcing this agreement." (Compl., Exh. 1 § 20.) The Guaranty likewise states, "You will pay to us all expenses (including attorneys' fees) incurred by us in enforcing our rights against you or the Lessee." (Compl., Exh. 2.) The court finds these provisions sufficiently provide for the recovery of attorneys' fees. *See* Cal. Civ.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No.: 8:23-cv-01455-FWS-KES | Date: January 26, 2024 |
| Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.* | |

Code § 1717.  Additionally, Plaintiff is the prevailing party in this action because Plaintiff has successfully established its breach of contract and breach of guaranty claims against Defendants for purposes of default judgment.  *See Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995) ("[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives . . . .  The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions.") (cleaned up).  Attorneys' fees are therefore available to Plaintiff.

Plaintiff calculates the $6,577.73 in attorneys' fees it seeks based on Local Rule 55-3's schedule.  (Chang Decl. ¶ 5.)  Local Rule 55-3 provides a schedule of attorneys' fees for cases in which "a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees."  The court finds a fee award under Local Rule 55-3's fee schedule is reasonable in this case, and, using the Local Rule's formula,[4] calculates the amount of attorneys' fees as $6,539.25.  *See, e.g.*, *See, e.g., Globe Ent. & Media, Corp. v. Global Images, USA*, 2022 WL 2703845, at *7 (C.D. Cal. July 11, 2022) (finding fee award in connection with default judgment that was based on Local Rule 55-3's fee schedule to be reasonable).

Finally, as to costs, Plaintiff may file a renewed application with the clerk to tax costs pursuant to Local Rule 54-2 **on or before fourteen (14) days** of the date of this Order.

**IV.   Disposition**

For the reasons set forth above, the court **ORDERS** as follows:

___

[4] Local Rule 55-3 provides that attorneys' fees a judgment in the amount "over $100,000" are "$5600 plus 2% of the amount over $100,000."  L.R. 55-3.  Local Rule 55-3's fee schedule is "applied to the amount of the judgment exclusive of costs."  *Id.*  Accordingly, here, the court awards $5,600 + (46,962.75 [amount over $100,000] x .02 [2%]) = $6,539.25.

___

**CIVIL MINUTES – GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01455-FWS-KES                                    Date: January 26, 2024
Title: Balboa Capital Corporation v. Velocity Trucking, LLC *et al.*

1. The Motion (Dkt. 23) is **GRANTED**;

2. The clerk is respectfully **DIRECTED** to enter default judgment in favor of Plaintiff against Defendants in the amount of $155,257.08 in damages and prejudgment interest, and $6,539.25 in attorneys' fees.

3. Plaintiff may file a renewed application with the clerk to tax costs pursuant to Local Rule 54-2, and must do so on or before **fourteen (14) days** of the date of this Order.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku